UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

Chambers of
**GEORGE L. RUSSELL, III**
United States District Judge

101 West Lombard Street
Baltimore, Maryland 21201
410-962-4055

March 3, 2016

MEMORANDUM TO COUNSEL RE:     Lorenda McCoy v. Target Corporation
                              Civil Action No. GLR-14-3437

Dear Counsel:

Pending before the Court is Defendant's, Target Corporation ("Target"), Motion for Summary Judgment (ECF No. 18). The Court, having reviewed the Motion and the parties' briefs, finds no hearing necessary. See Local Rule 105.6 (D.Md. 2014). For the reasons that follow, the Motion will be granted.

In September 2011, Plaintiff Lorenda McCoy entered a Target retail store in Glen Burnie, Maryland. While walking down the pet aisle, McCoy slipped on a liquid substance that had accumulated on the floor and fell. As a result of the incident, McCoy "sustained serious personal injuries, resulting in medical and related expenses, lost wages and physical and emotional pain and suffering." (Compl. ¶ 7, ECF No. 2). McCoy seeks $1 million in compensatory damages.

McCoy initiated this action on September 12, 2014 by filing a Complaint in the Circuit Court for Anne Arundel County, Maryland. (ECF No. 2). McCoy brings a single claim for negligence. (Id.). On October 31, 2014, Target removed the matter to this Court based on diversity jurisdiction (ECF No. 1) and filed its Answer (ECF No. 7). On August 14, 2015, Target filed a Motion for Summary Judgment. (ECF No. 18). McCoy submitted an Opposition to the Motion (ECF No. 20) on August 28, 2015, and Target filed a Reply (ECF No. 21) on September 14, 2015. Target's Motion is ripe for disposition.

Under Federal Rule of Civil Procedure 56(a), the Court must grant summary judgment if the moving party demonstrates there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. In reviewing a motion for summary judgment, the Court views the facts in a light most favorable to the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986) (citing Adickes v. S. H. Kress & Co., 398 U.S. 144, 158–59 (1970)).

Once a motion for summary judgment is properly made and supported, the nonmoving party has the burden of showing that a genuine dispute exists. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586–87 (1986). Rule 56(c) requires the nonmoving party to go beyond the pleadings and by its own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial. Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). The nonmoving party "cannot create a genuine issue of material fact through mere speculation or the building of one inference upon another." Beale v. Hardy, 769 F.2d 213, 214 (4th Cir. 1985) (citing Barwick v. Celotex Corp., 736 F.2d 946, 963 (4th Cir. 1984)).

"[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson, 477 U.S. at 247–48.  A "material fact" is one that might affect the outcome of a party's case.  Id. at 248; see also JKC Holding Co. v. Wash. Sports Ventures, Inc., 264 F.3d 459, 465 (4th Cir. 2001) (citing Hooven-Lewis v. Caldera, 249 F.3d 259, 265 (4th Cir. 2001)).  Whether a fact is considered to be "material" is determined by the substantive law, and "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson, 477 U.S. at 248; accord Hooven-Lewis, 249 F.3d at 265.  A "genuine" issue concerning a "material" fact arises when the evidence is sufficient to allow a reasonable jury to return a verdict in the nonmoving party's favor.  Anderson, 477 U.S. at 248.

A cause of action for negligence consists of four elements: "(1) that the defendant was under a duty to protect the plaintiff from injury, (2) that the defendant breached that duty, (3) that the plaintiff suffered actual injury or loss, and (4) that the loss or injury proximately resulted from the defendant's breach of the duty." Warr v. JMGM Grp., LLC, 70 A.3d 347, 353 (Md. 2013) (quoting Valentine v. On Target, Inc., 727 A.2d 947, 949 (Md. 1999)).  "[T]he duty of care that is owed by the owner of property to one who enters on the property depends upon the entrant's legal status." Rehn v. Westfield Am., 837 A.2d 981, 984 (Md.Ct.Spec.App. 2003) (quoting Rivas v. Oxon Hill Joint Venture, 744 A.2d 1076, 1081 (Md.Ct.Spec.App. 2000)).  Business customers are classified as "invitees," and storekeepers owe them "a duty of ordinary care to keep the property safe."  Id. (quoting Rivas, 744 A.2d at 1081).

"Storekeepers are not insurers of their [invitees'] safety, and no presumption of negligence arises merely because an injury was sustained on a storekeeper's premises."  Giant Food, Inc. v. Mitchell, 640 A.2d 1134, 1135 (Md. 1994) (citing Rawls v. Hochschild, Kohn & Co., 113 A.2d 405, 408 (Md. 1955)).  To prove that a storekeeper breached its duty of care to an invitee, the invitee has the burden of demonstrating that the storekeeper had actual or constructive knowledge of the hazard and gained that knowledge in sufficient time to remove it or warn the invitee. Zilichikhis v. Montgomery Cty., 115 A.3d 685, 702 (Md.Ct.Spec.App. 2015) (quoting Joseph v. Bozzuto Mgmt. Co., 918 A.2d 1230, 1235 (Md.Ct.Spec.App. 2007)), cert. denied, 120 A.3d 768 (Md. 2015).  A storekeeper does not have a duty to continuously inspect the premises and remove hazards immediately after they arise.  See Lexington Mkt. Auth. v. Zappala, 197 A.2d 147, 148 (Md. 1964).

To prove constructive knowledge in a slip-and-fall case, the invitee must present evidence showing how long the hazard existed before the injury occurred—so-called "time on the floor" evidence. Zilichikhis, 115 A.3d at 702 (quoting Joseph, 918 A.2d at 1236); see Zappala, 197 A.2d at 148 (entering judgment for parking garage operator because plaintiff offered no evidence of how long oil or grease was on floor before slip-and-fall); Carter v. Shoppers Food Warehouse MD Corp., 727 A.2d 958, 967 (Md.Ct.Spec.App. 1999) (affirming summary judgment because grocery patron alleged that she tripped on upturned carpet but offered no evidence regarding "the length of time it was turned up").

When the plaintiff presents no time on the floor evidence, she plaintiff cannot prove constructive knowledge by introducing evidence that the defendant failed to conduct reasonable inspections prior to the accident. Zilichikhis, 115 A.3d at 703, 709; Maans v. Giant of Md., L.L.C., 871 A.2d 627, 634, 639 (Md.Ct.Spec.App. 2005). Rather, to prove constructive knowledge without time on the floor evidence, the plaintiff must show that had the defendant made reasonable inspections prior to the slip-and-fall, it would have discovered the hazard in time to prevent the accident. Maans, 871 A.2d at 634. Otherwise, "the [defendant] would be potentially liable even though there is no way of telling whether there was anything [the defendant] could have done that would have avoided the injury." Id. at 639.

Here, McCoy presents no evidence that Target created the hazard that McCoy allegedly encountered. In fact, McCoy testified that she did not have any way of knowing how the liquid substance got on the floor. (L. McCoy Dep. 72:21–73:2, Apr. 6, 2015, ECF No. 18-2). McCoy also fails to present any evidence that a Target employee actually knew that there was a liquid substance in the pet aisle before she slipped. Thus, McCoy must rely on constructive knowledge to prove Target's negligence.

Target contends that there is no genuine dispute as to constructive knowledge because McCoy offers no time on the floor evidence.[1] Consonant with the courts' analysis in Zappala and Maans, Target posits that "[i]t is possible that another customer could have created the hazardous condition while passing through the aisle mere seconds before [McCoy's] fall." (Def.'s Mem. in Supp. of its Mot. for Summ. J. at 7, ECF No. 18-1). In response, McCoy advances the ostensibly novel argument that a jury can infer time on the floor from undisputed testimony that the wet spot on McCoy's pants following the incident was six to seven inches in diameter. (See B. McCoy Dep. 11:15–12:2, Apr. 6, 2015, ECF No. 18-2). This argument fails for several reasons. First, McCoy cites no authority, and the Court finds none, for the proposition that time on the floor can be inferred from circumstantial evidence. Second, "evidence regarding 'the size or nature of the spill is not a substitute for "time on the floor" evidence.'" Rybas v. Riverview Hotel Corp., 21 F.Supp.3d 548, 568 (D.Md. 2014) (quoting Saunders v. Wal–Mart Stores, Inc., No. JKS 09-2330, 2010 WL 1416542, at *4 (D.Md. Apr. 5, 2010)) (applying Maryland law). Third, the Court finds that ascertaining the time the liquid substance was on the floor based on the size of the spot on McCoy's pants would require speculation, and "[u]nsupported speculation is insufficient to defeat a motion for summary judgment." Leakas v. Columbia Country Club, 831 F.Supp. 1231, 1235 (D.Md. 1993) (citing Felty v. Graves–Humphreys Co., 818 F.2d 1126, 1128 (4th Cir. 1987)).

Though Rule 56(c) requires the nonmoving party to go beyond the pleadings to designate specific facts showing that there is a genuine issue for trial, Catrett, 477 U.S. at 324, McCoy attaches only one exhibit to her Opposition memorandum: an interrogatory response from Target. In this response, Target states that a team member would have conducted a "Daily Walk" through the store on the date of McCoy's incident but "Target stores do not maintain sweep sheets or sweep logs for

---

[1] In her deposition, McCoy testified that she had no way of knowing how long the liquid substance existed before she slipped on it. (L. McCoy Dep. 72:18–20).

any interior or exterior locations other than the restrooms." (Pl.'s Mem. of P. & A. in Supp. of Pl.'s Opp'n to Def.'s Mot. for Summ. J. Ex. 1, at 3, ECF No. 20-1). Relying on this response, McCoy asserts that summary judgment should be denied because Target offers no evidence of reasonable inspections. McCoy provides no evidence, however, that had Target made reasonable inspections prior to the incident, it would have discovered the liquid substance in time to prevent the incident. This deficiency is fatal to McCoy's case at the summary judgment stage. See Maans, 871 A.2d at 634, 639; Zilichikhis, 115 A.3d at 703, 709. Indeed, "[f]or all that was shown by [McCoy], the [liquid substance] could have been spilled by a customer seconds before her fall." Maans, 871 A.2d at 634.

Thus, because McCoy presents no evidence showing how long the liquid substance was on the floor before she slipped and no evidence that Target would have discovered it had Target conducted reasonable inspections, the Court finds that there is no genuine dispute as to constructive knowledge and Target is entitled to judgment as a matter of law. Accordingly, the Court will grant Target's Motion.

Based on the foregoing reasons, Target's Motion for Summary Judgment is GRANTED. Despite the informal nature of this memorandum, it shall constitute an Order of this Court, and the Clerk is directed to docket it accordingly and CLOSE this case.

Very truly yours,

/s/

_____

George L. Russell, III
United States District Judge